IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATASHA L. KESSLER )
) No. 18-975
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental security income benefits, alleging physical and mental impairments including those stemming from an automobile accident and including post-concussion syndrome, major depressive disorder, and generalized anxiety disorder. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

First, Plaintiff contends that the ALJ erred at step two of the sequential analysis in finding her mental health and cognitive impairments non-severe. "Even assuming that the ALJ failed to include all of the Plaintiff's severe impairments at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted." Roberts v. Astrue, No. 8-625, 2009 U.S. Dist. LEXIS 91559, at * 15, 2009 WL 3183084 (W.D. Pa. Sept. 30, 2009). Here, at step two, the ALJ found that Plaintiff had severe impairments of spine injury status and post-concussion syndrome; the analysis did not end, and the disability determination was not made at step two. Therefore, even if the ALJ erred in finding certain impairments non-severe, the error would be harmless. Remand is not warranted on this basis.

Second, Plaintiff argues that the ALJ improperly based his decision on lack of treatment and lack of compliance with medication. Plaintiff counters with evidence that she did, in fact, seek mental health treatment; kept her appointments and was cooperative with her therapist; and that her condition interfered with her completion of treatment modalities. In other words, as Plaintiff asserts, she complied to the best of her ability. These points are well taken, but Plaintiff's argument elides the context in which the ALJ made the challenged observations. In connection with his assessment of the opinions of psychologist William Young, the ALJ noted that Dr. Young disregarded Plaintiff's lack of treatment <u>with a psychiatrist</u> (rather than lack of treatment altogether), and lack of compliance with treatment. The ALJ engaged in a rather thorough assessment of the weight to be afforded Dr. Young's opinion; lack of psychiatric treatment and compliance were merely among the factors that the ALJ considered. While an ALJ should not draw adverse inferences about an individual's symptoms and functional affects

from non-treatment or non-compliance without considering explanations, the ALJ did not do so here. Instead, Plaintiff's current argument points only to the ALJ's consideration of Dr. Young's failure to address those factors when assessing the weight to be afforded Dr. Young's opinion. Remand is not warranted on this basis.

Finally, Plaintiff contends that she meets the requirements of Listing 12.05(C). "Mental Retardation and Autism." The Listing was revised, however, effective January 17, 2017; subsection (C) was removed. Plaintiff's hearing before the ALJ occurred on August 17, 2017, and the ALJ's decision is dated November 24, 2017. The Court is to consider the rules in effect at the time of the ALJ's decision. Davis v. Colvin, No. 16-112, 2017 U.S. Dist. LEXIS 48044, at *8 n.2 (W.D. Pa. Mar. 30, 2017); McFadden v. Berryhill, No. 16-1007, 2017 U.S. Dist. LEXIS 39958, at *5 n.2 (W.D. Pa. Mar. 21, 2017).

Because Plaintiff's Listing argument relies on the results of IQ testing performed when she was 21 years old, it the Court will look to revised Listing 12.05(B).[1] That Listing requires as follows:

> (1) significantly subaverage general intellectual functioning evidenced by either a full scale IQ score of 70 or below or a full scale IQ score of 71-75 accompanied by a verbal or performance IQ score of 70 or below; (2) significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, areas of mental functioning (including (a) understand, remember, and apply information; (b) interact with others; (c) concentrate, persist, or maintain pace; and (d) adapt or manage oneself); and (3) evidence about current intellectual and adaptive functioning and the history of the disorder demonstrates or supports the conclusion it began prior to age 22.

Ken M. v. Berryhill, 340 F. Supp. 3d 1070, 1075 (W.D. Wash. 2018) (citing 20 C.F.R. pt. 404, Subpt. P, app. 1 § 12.05B (2017)).

---

[1] Revised Listing 12.05(A) does not appear applicable. That subsection requires, inter alia, subaverage intellectual functioning evidence in a cognitive inability to function at a level required to participate in standardized testing of intellectual functioning.

4

Prior to the revised Listing, this Court considered a claim of error where the ALJ failed to consider Listing 12.05:

> It is true that when there is a suggestion of mental impairment, the ALJ has a duty to develop the record "by inquiring into the present status of impairment and its possible effects on the claimant's ability to work." On the other hand, when a claimant is represented by counsel, an ALJ is entitled to assume that an applicant is making his strongest case for benefits. Thus, the fact that a claimant does not allege mental retardation or intellectual impairment as a basis for disability "is significant." In this case, the ALJ discharged his duty at step two of the analysis, when he inquired into the severity of Plaintiff's intellectual disability. In light of the entire record that the ALJ considered, including Plaintiff's activities and the lack of a diagnosis pertaining to intellectual disability, the ALJ was not required to consider Listing 12.05. In other words, the evidence of record did not indicate that the Listing should have been explicitly evaluated.

Potoka v. Colvin, No. 15-756, 2016 U.S. Dist. LEXIS 105910, at *6-8 (W.D. Pa. Aug. 11, 2016) (citations omitted).

In this case, Plaintiff's claim of disability surrounded conditions that resulted from her automobile accident, which occurred in July, 2014, and it does not appear that she pressed mental retardation or an intellectual disorder as a basis for disability. At the hearing, when asked what "keeps her from work," she identified her back, depression, personal hygiene, migraines, and OCD. She later identified issues such as PTSD, memory issues, panic attacks, and an eye problem. The ALJ here recognized that Plaintiff's medically determinable mental impairments included "an intellectual disability with a neurocognitive impairment." The ALJ further noted that Dr. Young diagnosed Plaintiff with a "mild intellectual disability." Further, the ALJ thoroughly discussed each of the four broad areas of mental functioning in the Listing of Impairments, and determined that Plaintiff's mental impairments caused no more than mild limitations in any area. Therefore, the ALJ discharged his duty, and I find no error.

## CONCLUSION

In conclusion, in light of the limited the scope of review, the ALJ's decision was properly supported. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: 6/27/19

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATASHA L. KESSLER )
) No. 18-975
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 27th day of June, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*/s/ Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court